## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| KW FOOD INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Court No. 20-01800 |
| | : | |
| UNITED STATES OF AMERICA; OFFICE OF | : | |
| THE UNITED STATES TRADE | : | |
| REPRESENTATIVE; ROBERT E. LIGHTHIZER, | : | |
| U.S. TRADE REPRESENTATIVE; U.S. | : | |
| CUSTOMS & BORDER PROTECTION; MARK | : | |
| A. MORGAN, U.S. CUSTOMS & BORDER | : | |
| PROTECTION ACTING COMMISSIONER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>COMPLAINT</u>

Plaintiff, KW Food Inc. ("KWF"), by and through its attorneys ACI LAW GROUP, PC,

states the following claims against the defendants as follows:


1.      The claim challenges the imposition of duties on merchandise imported from the People's

Republic of China pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. § 2411. The

Trade Act of 1974 ("Trade Act") did not confer authority on Defendants to arbitrarily conduct a

trade war at their sole discretion, for an extended period of time. The arbitrary manner in which

the Defendants implemented the tariff actions violate the Administrative Procedures Act ("APA).

Plaintiff alleges that Defendants' additional imposition and collection of duties on products, also

known as List 3 and List 4, are not authorized under the ACT, violate the APA because they are

inconsistent with the findings of the underlying USTR report and are otherwise contrary to law.

///

## PARTIES

2.       KWF is an importer of dried foods and related products. Its tariff classifications

applicable to its products that appear on "List 3" are the following: 0712.90.8580, 0712.39.1001,

0712.90.1000, 0712.90.4040, 0712.90.8580, 0712.20.4000, and 1212.21.0000. Its tariff

classifications applicable to its products that appear on "List 4" are the following: 0910.91.0000,

0904.22.7600, and 2103.90.9091.

3.       Defendant United States of America received the disputed tariffs and is the statutory

defendant under 5 U.S.C § 702 and 28 U.S.C. § 158(i)(1)(B).

4. The United States Trade Representative is an exclusive agency of the United States charged

with investigating a foreign nation's trade practices under Section 301 of the Trade Act and

implementing appropriate responses, subject to the direction of the President.

5. All other Defendants are also named in their official capacity as the decision makers of the

agencies responsible for, investigating and implementing, the arbitrary trade practices.

## STANDING

6.       Plaintiff is an American importer, has paid duties as a result of additional tariffs illegally

imposed pursuant to List 3 and List 4. In addition, plaintiff is adversely affected or aggrieved by

agency actions within the meaning of the Administrative Procedures Act. 5 U.S.C. § 702 and 28

U.S.C. § 2631(i). Additional tariffs imposed by Defendants pursuant to List 3 and List 4A

adversely affected and aggrieved Plaintiff because it has compelled Plaintiff to pay these

unlawful duties. Therefore, Plaintiff has standing to bring this claim.

## JURISDICTION

7.       This claim action is initiated against the United States, its agencies, or its officers and

arises out of a law providing for tariffs, duties, fees, or other taxes on the importation of

merchandise for reasons other than the raising of revenue. As such, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(1)(B), which confers exclusive jurisdiction to the Court.

## TIMELINESS OF THE ACTION

8.      An action brought under 28 U.S.C. § 1581(i)(1)(B) is timely if commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

9.      List 3 was published on September 21, 2018 as *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 47,974 (Sept. 21, 2018). The earliest date on which Plaintiff's right to bring an action may have accrued is the date of publication. The action is, therefore, timely.

10.     List 4 was published on May 17, 2019 as *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). The earliest date on which Plaintiff's right to bring an action may have accrued is the date of publication. The action is, therefore, timely.

## RELEVANT LAW

11.     19 U.S.C. § 2411(b), "Section 301," and 19 U.S.C. § 2412 authorize the United States Trade Representative ("USTR") to investigate whether a foreign country has engaged in an "unreasonable or discriminatory" practice that burdens or restricts U.S commerce.

12.     Pursuant to 19 U.S.C. § 2411(c)(1)(B), if the investigation reaches an affirmative determination, the USTR may impose duties on imports from the offending country.

13.     Pursuant to 19 U.S.C. § 2414(a)(2)(B), USTR must determine what, if any, action to take within 12 months after the initiation of the investigation.

14.     Section 307 of the Trade Act (in pertinent part) allows USTR to modify or terminate an action taken in furtherance of Section 301 when the burden or restriction on United States commerce imposed by the investigated foreign country's practice has increased or decreased when the action is no longer appropriate. 19 U.S.C. § 2417(a)(1)(B)-(C).

## FACTS AND PROCEDURAL HISTORY

15.     Under the direction of President Trump, USTR initiated its investigation into Chinese technology transfer and intellectual property practices on August 18, 2017. *Initiation of Section 301 Investigation; Hearing; and Request for Public Comments: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 82 Fed. Reg. 40,213 (Aug. 24, 2017).

16.     On March 22, 2018, USTR published a report announcing the results of its investigation in OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *Findings of the investigation Into China's Acts, Policies, And Practices Related to Technology Transfer, Intellectual Property, and Innovation Under Section 301 of The Trade Act of 1974* (Mar. 22, 2018).

- https://ustr.gov/sites/default/files/Section%20301%20FINAL.PDF. The report concludes that the investigated practices of the Chinese government are unreasonable and discriminatory and burden or restrict U.S. commerce. *Id.* at 47.

17.     On June 20, 2018, USTR published *Notice of Action and Request for Public Comment Concerning Proposed Determination of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed.

Reg. 28,710 (June 20, 2018), imposing an addition 25% *ad valorem* duty on selected products of China. This is the so-called "List 1."

18.     On August 16, 2018, USTR published *Notice of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 40,823, 40,823-24 (Aug. 16, 2018), imposing an additional 25% *ad valorem* duty on selected products of China. This is the so-called "List 2."

19.     China retaliated by imposing additional *ad valorem* tariffs on $50 billion of U.S. goods in response to U.S. actions collecting 25% tariffs under List 1 and List 2.

20.     In immediate response to China's retaliation and without reference to China's technology transfer, intellectual property, or innovation policies, the USTR proposed to impose duties on additional Chinese-origin products. *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed. Reg. 33,608, 33,609 (July 17, 2018).

- *Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action* (July 10, 2018), available at https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/july/statement-us-trade-representative.

21.     On August 1, 2018, USTR announced that it would impose an additional 25% *ad valorem* duty on selected products of China.

- *Statement by U.S. Trade Representative Robert Lighthizer on Section 301 Action* (Aug. 1, 2018) https://ustr.gov/about-us/policy-offices/press-office/press-releases/2018/august/statement-us-trade-representative.

22.     On September 17, 2018, President Trump announced that he had directed USTR to impose 10% additional tariffs on $200 billion of imports from China.

- THE WHITE HOUSE, *Statement from the President* (Sep. 17, 2018),

  https://www.whitehouse.gov/briefings-statements/statement-from-the-president-4/. The additional tariffs were explicitly linked to China's decision to "impose new tariffs in an effort to hurt the United States economy."

23.     On September 21, 2018, USTR published the final list of affected products subject to the additional duties, known as "List 3,". *Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 83 Fed, Reg, 47,974 (Sep. 21, 2018).

24.     In the Notice, USTR justified the action as a modification of the existing Section 301 action because the burden on United States commerce had continued to increase, citing 1 "Section 307(a)(1)(B)," 9 U.S.C. § 2417(a)(1)(B). USTR also stated that Chinese retaliation made the existing action no longer "appropriate," citing "Section 307(a)(1)(C)," 19 U.S.C. § 2417(a)(1)(C).

25.     On May 17, 2019, USTR announced its intention to proceed with the implementation of Section 301 duties on additional products known as "List 4." *Request for Comments Concerning Proposed Modification of Action Pursuant to Section 301: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 22,564, 22,564 (May 17, 2019). However, the rationale for List 4 was not China's policies with respect to technology transfer, intellectual property, or innovation. It was simply to punish China for its failure to meet specific commitments made in prior negotiations and its further retaliation against the U.S.

26.     On August 20, 2019, USTR announced that it would implement List 4 in two phases.

*Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to*

*Technology Transfer, Intellectual Property, and Innovation*, 84 Fed. Reg. 43,304 (Aug. 20,

2019). USTR again relied on Section 307(a)(1)(B) and (C) for authority to modify its prior

action. Nevertheless, the Notice does not identify intellectual property, technology transfer or

innovation as the reasons for List 4. Rather, the Notice refers to China's defensive actions

including retaliatory tariffs. This publication was more than 12 months after the initiation of the

investigation on August 24, 2017.

27.     On August 30, 2019, USTR published a notice with its decision to increase the tariff rate

applicable to goods covered by List 4A and List 4B from 10% to 15%. *Notice of Modification of*

*Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer,*

*Intellectual Property, and Innovation*, 84 Fed. Reg. 45,821 (Aug. 30, 2019). Again, USTR

rationalized tariff rate increases shortly after USTR finalized List 4A and List 4B as being a

result of Chinese response.

28.     On December 18, 2019, as a result of successfully negotiating a limited trade deal with

China, USTR published a notice that USTR would "suspend indefinitely the imposition of

additional duties of 15 percent on products of China covered by" List 4B. *Notice of Modification*

*of Section 301 Action: China's Acts, Policies, and Practices Related to Technology Transfer,*

*Intellectual Property, and Innovation*, 84 Fed. Reg. 69,447, 69,447 (Dec. 18, 2019). USTR also

revealed its intent to reduce the tariff rate applicable to products covered by List 4A, *id*., which

ultimately became effective on February 14, 2020, when USTR halved the applicable duty rate,

*Notice of Modification of Section 301 Action: China's Acts, Policies, and Practices Related to*

*Technology Transfer, Intellectual Property, and Innovation*, 85 Fed. Reg. 3,741 (Jan. 22, 2020).

29.     Further, the United States and China implemented the limited trade deal that was negotiated for toward the end of 2019. OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, *United States and China Reach Phase One Trade Agreement* (Dec. 13, 2019), https://ustr.gov/about-us/policy-offices/press-office/press-releases/2019/december/united-states-and-china-reach.

30.     Duties imposed on products under List 4A still remain in effect to this date. .

## STATEMENT OF CLAIMS

### COUNT ONE

### DECLARATORY JUDGMENT

31.     Paragraphs 1 through 30 above are reincorporated by reference.

32.     The Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

33.     The Trade Act of 1974 does not authorize the actions taken by Defendants that resulted in the List 3 and List 4A tariffs.

34.     USTR failed to base the imposition of Section 301 duties on Chinese products covered by List 3 and List 4 on the acts or policies found to in its report to "burden or restrict" U.S. commerce as required by 19 U.S.C. § 2411(b)(1).

35.     USTR may "modify or terminate" a Section 301 action when the burden on U.S. commerce from the investigated unfair policies or practices investigated increases or decreases. USTR may not increase the duties assessed in furtherance of Section 301 for reasons other than the acts, policies, or practices that were found to burden U.S. Commerce.

36.     Section 301 actions may be modified or terminated when no longer appropriate. 19 U.S.C. § 2417(a)(1)(C). This authorization does not permit USTR to increase an existing remedy action. Rather, it is the authorization to decrease, remove, or pause the action.

37.     Therefore, Plaintiff is entitled to a declaratory judgment as a result of Defendants' actions giving rise to List 3 and List 4 which are *ultra vires* and contrary to law.

## COUNT TWO

### VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

38.     Paragraphs 1 through 37 above are reincorporated by reference.

39.     The Administrative Procedure Act requires that this Court hold unlawful and set aside agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; [or] (E) unsupported by substantial evidence." 5 U.S.C. § 706(2).

40.     USTR's imposition of List 3 and List 4 duties more than 12 months after the initiation of the investigation is excess of statutory authority and is without the observance of procedure required by law.

41.     Defendants exceeded their authority under the Trade Act promulgating List 3 and List 4 and acted not in accordance with the law. USTR's imposition of List 3 and List 4 duties for reasons other than China's policies relating to technology transfer, intellectual property, and innovation is in excess of statutory authority and is arbitrary, capricious, and abuse of discretion.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

1. Declare the imposition and collection of List 3 duties to be contrary to the law and, therefore, in violation of the APA;

2. Declare the imposition and collection of List 4 duties to be contrary to the law and, therefore, in violation of the APA;

3. Vacate the List 3, and List 4 rulemaking;

4. Order Defendants to refund, with interest as provided by law, any duties paid by Plaintiff in accordance with List 3 and List 4;

5. Permanently enjoin Defendants from collecting further duties on importations by Plaintiff of merchandise from China that is included in List 3 and List 4;

6. Award Plaintiff its costs and reasonable attorneys' fees; and

7. Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: September 17, 2020

/s/ Jin J. Kim_____
Jin J. Kim
ACI LAW GROUP, PC
6 Centerpointe Drive, Suite 630
La Palma, CA 90623
pa@acilawgroup.com
714-522-3300

*Counsel to KW Food Inc.*